UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:03CR219-DJS |
| ) | |
| MICHAEL DUNN, ) | |
| ) | |
| Defendant. ) | |

ORDER

On July 9, 2003, defendant pled guilty to the charge of unlawful possession of a firearm as a felon, in violation of 18 U.S.C. §922(g)(1). On September 26, 2003, defendant was sentenced to a 36-month term of imprisonment, to be followed by three years of supervised release. Now before the Court is another pro se motion by defendant seeking credit against the service of his sentence or an amendment of the sentence to effectuate the credit defendant believes he is due. The motion must be denied for reasons explained in the Court's prior orders on the subject.

First, the Court is without power to award defendant credit against his federal sentence. The determination of imprisonment credit is a matter within the province of the Bureau of Prisons; the sentencing court has no such authority. See United States v. Wilson, 503 U.S. 329, 333-34 (1992); United States v. Iversen, 90 F.3d 1340, 1344-45 (8th Cir. 1996); United States v.

Moore, 978 F.2d 1029, 1031 (8th Cir. 1992). The Eighth Circuit has observed that administrative procedures exist within the Bureau of Prisons to review the Bureau's failure to credit the time a defendant has served, and once those administrative remedies are exhausted, a prisoner may seek judicial review of any jail-time credit determination by the filing of a habeas petition under 28 U.S.C. §2241, initiating a new civil action. United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004). The filing of motions with the sentencing court in the closed criminal case is not a means for the redress of such sentencing disputes.

Second, to the extent defendant asks that his sentence of imprisonment be amended to reflect the credit he believes he is due, the Court's authority to change or reduce a sentence previously imposed is strictly limited under Rule 35 of the Federal Rules of Criminal Procedure and 18 U.S.C. §3582(c). Because those provisions do not allow a reduction of sentence for the reasons cited by defendant here, the Court lacks the authority to alter defendant's sentence in the manner he requests. Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to credit time or in the alternative to resentence defendant [Doc. #48] is denied.

Dated this  2nd  day of June, 2005.

                                    /s/ Donald J. Stohr
                                   UNITED STATES DISTRICT JUDGE